

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 JAN 12 P 3:52

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY | * | CIVIL ACTION |
| | * | NO. 00-0121 |
| VERSUS | * | JUDGE |
| LEONARD WALLACE WRIGHT, CAROLYN WRIGHT and SANDRA DIVELY | * | MAGISTRATE JUDGE SECT L MAG 5 |
| * * * * * * * | | |

**COMPLAINT FOR**
**INTERPLEADER UNDER 28 U.S.C. §1335**

Plaintiff, Metropolitan Life Insurance Company ("MetLife"), for its Complaint against the defendants states as follows:

**JURISDICTION AND VENUE**

1. This is a civil action for interpleader governed by 28 U.S.C. § 1335 over which this Court has original jurisdiction inasmuch as Plaintiff, MetLife, has in its possession the death benefits (the "Benefits") of a policy of life insurance, no. 707 022 790 A (the "Policy") under which Howard Robert Wright (the "Insured") was insured on the date of his death; that those death benefits are worth more than $500.00; that MetLife is seeking an Order to deposit said death benefits into the registry of this Court; and that two or more adverse claimants, of diverse

DATE OF ENTRY JAN 24 2000



citizenship as defined in 28 U.S.C. §1332, are claiming those death benefits.

2. Venue is proper under 28 U.S.C. 1397.

3. Nationwide service of process is authorized under 28 U.S.C. § 2361.

### THE PARTIES

4. MetLife is a mutual insurance company organized under the laws of the State of New York with its principal place of business in New York, New York.

5. Upon information and belief, Defendant Leonard Wallace Wright ("Wright") is a person of the full age of majority, a citizen and resident of the State of Michigan, and the son of the Insured.

6. Upon information and belief, defendant Carolyn Mclain Wright ("Carolyn") is a person of the full age of majority, a citizen and resident of the Parish of Tangipahoa, State of Louisiana, and the widow of the Insured.

7. Upon information and belief, Sandra Dively ("Dively") is a person of the full age of majority, a citizen and resident of the State of Michigan, and a niece of the Insured.

### FACTUAL BACKGROUND

8. MetLife issued the Policy to the Insured, with an effective date of October 19, 1970.

9. The Policy was issued with an Initial Amount of Insurance of $15,000.00; after the first two policy years, the initial amount of insurance was reduced to $11,385.00, the Basic Amount of Insurance, plus the amount provided by the Econo-Matic Option.

10. In the application for the Policy, Betty A. Wright, "wife" was designated as Revocable Beneficiary.

11. Pursuant to a "Choice of Revocable Beneficiary by Insured," dated February 29, 1988, the Insured revoked any prior choices of beneficiary and contingent beneficiary and named Helen D. Bourn, "fiancee," as revocable beneficiary to receive any amount payable under the policy on account of his death.

12. Pursuant to a "Choice of Revocable Beneficiary by Insured," dated May 18, 1988, the Insured revoked any prior choices of beneficiary and contingent beneficiary and named Sandra Dively, "niece" as revocable beneficiary to receive any amount payable under the policy on account of his death.

13. Pursuant to a "Choice of Revocable Beneficiary by Insured," dated October 13, 1992, the Insured revoked any prior choices of beneficiary and contingent beneficiary and named Leonard Wright, "son," and Sandra Dively, "niece" as revocable beneficiaries to receive any amount payable under the policy on account of his death. This beneficiary change was filed by MetLife on March 17, 1993.

14. Pursuant to a Change of Beneficiary By Insured, dated April 24, 1999, the Insured revoked any previous designation of Beneficiary and Contingent Beneficiary under the Policy and named Carolyn McLain Wright, "spouse," as Revocable Beneficiary and Karen A. Chatelliet, "step daughter-in-law," as Revocable Contingent Beneficiary to receive any amount payable under the policy in the event of his death. Accompanying this request was a handwritten note from Carolyn M. Wright in which she stated that the Insured "was aware of what he signed with the X. He is quite weak from his health problems and can't at the time write very well." This change was recorded by MetLife on or about June 17, 1999.

15. On information and belief, the Insured died on August 26, 1999 at which the Benefits in the amount of $27,401.72 became payable.

16. On or about August 26, 1999, MetLife received calls from Sandy Hope and from Carolyn, inquiring about the Benefits.

17. On or about August 27, 1999, Sandra called MetLife, stating that an attorney was seeking a court order that the form changing the beneficiary under the Policy in June of 1999 was forged.

18. On or about September 7, 1999, MetLife received a claim for the Benefits, dated September 2, 1999, from Carolyn.

19. On or about September 7, 1999, MetLife received a letter from Nita Gorrell ("Gorrell"), attorney for Wright, in which she

requested information about the status for the Policy and noted that the "authority of any change of beneficiary" naming anyone other than Wright and Dively.

20. In a letter dated September 20, 1999 MetLife wrote to Carolyn relative to the concerns of Wright about the change of beneficiary to Carolyn and enclosing a release to be signed by her in the event that she wanted to release her rights to the Benefits.

21. In a letter dated September 20, 1999, MetLife wrote to Gorrell, advising her that a release had been sent to Carolyn.

22. On or about September 28, 1999, MetLife received from Gorrell, a copy of a petition to Annul Probated Testament which had been filed in the Succession of Howard Robert Wright.

23. In a letter dated October 5, 1999, Metlife wrote to Carolyn, informing her Gorrell had filed a petition in court and, therefore, it was unable to make any payment of the Benefits at that time.

24. On information and belief, no agreement has been reached concerning distribution of the Benefits.

25. Conflicting claims exist regarding entitlement to the Benefits.

26. Metlife is now, and at all times, has been ready and willing to pay the Benefits to the party or parties legally entitled to them.

27. Metlife is a mere stakeholder and claims no beneficial interest in the Benefits.

28. Metlife cannot make payment of the Benefits without assuming the responsibility of determining doubtful questions of fact and law, and without incurring the risk of being subjected to costs and expenses in defending itself in a multiplicity of suits or the possibility of multiple payment of the amount due.

29. Metlife is prepared to pay into the registry of the Court the Benefits in the sum of $27,401.72 plus interest, to abide the judgement of the Court.

30. Metlife has been compelled to employ attorneys for the purpose of protecting its interest arising out of these conflicting claims.

WHEREFORE, Metlife prays:

1. That the defendants be ordered to interplead and settle among themselves their rights to the Benefits under policy no. 707 022 790 A covering the Insureds, with interest thereon.

2. That the Court declare the rights and other legal relations of Metlife and the parties in the action.

3. That this Court issue an Order allowing Metlife to pay the Benefits under Policy no. 707 022 790 A together with interest, to the Clerk of this Court;

4. That, upon payment of the Benefits under Policy no. 707 022 790 A with interest thereon, into the registry of this

Court, MetLife be discharged with prejudice from any claim of defendants or under the Policy.

    5.   That after due proceedings had, there be judgment herein that MetLife has no further liability beyond its admitted liability of Twenty-seven Thousand Four Hundred One Dollars Seventy-Two Cents ($27,401.72) plus accrued interest pursuant to the terms of Policy no. 707 022 790 A and that MetLife, after payment of its admitted liability into Court is discharged of and from any and all liability for any death benefits payable on account of the death of Howard Robert Wright.

    6.   That the Court award MetLife its costs including a reasonable attorney's fee.

    7.   That this Court issue a Preliminary Order of Injunction enjoining and restraining the defendants from instituting or prosecuting any suit or proceedings against Metropolitan Life Insurance Company in any state or federal court relating to Policy no. 707 022 790 A and that, in due course, said order of injunction be made permanent.

    8.   That the Court award such other and further relief to which MetLife is entitled in law or equity.

PREAUS, RODDY & KREBS, L.L.P.

_____
VIRGINIA N. RODDY, (11367)  T.A
JENNIFER M. LAWRENCE (23829)
650 Poydras Street, Suite 1650
New Orleans, LA  70130-6114
Telephone:  (504) 523-2111

ATTORNEYS FOR METROPOLITAN LIFE
INSURANCE COMPANY

```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF LOUISIANA
```

METROPOLITAN LIFE INSURANCE    *    CIVIL ACTION
COMPANY
                               *    NO.
VERSUS
                               *    JUDGE
LEONARD WALLACE WRIGHT,
CAROLYN WRIGHT and SANDRA      *    MAGISTRATE JUDGE
DIVELY
*    *    *    *    *    *    *

## O R D E R

Considering the foregoing prayer of Metropolitan Life Insurance Company in its Complaint for Interpleader;

**IT IS HEREBY ORDERED** that defendants, Leonard Wallace Wright, Carolyn Wright and Sandra Dively, interplead and settle among themselves their rights to the Benefits under policy no. 707 022 790 A covering the Insureds, with interest thereon;

**IT IS FURHTER ORDERED** that a preliminary Order of Injunction be entered enjoining or restraining defendants, Leonard Wallace Wright, Carolyn Wright and Sandra Dively, from instituting or prosecuting any suit or proceedings against Metropolitan Life Insurance Company in any state or federal court relating to policy no. 707 022 790 A; and

**IT IS FURTHER ORDERED** that the Clerk of court deposit into the registry of the Court a check representing the death benefits of policy no. 707 022 790 A, plus interest.

New Orleans, Louisiana, this 20 day of January, 2000.

_____
UNITED STATES DISTRICT JUDGE